**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Brown, | No. CV-21-01259-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Karen Brown challenges the denial of her application for disability insurance benefits under the Social Security Act (the "Act") by Defendant the Commissioner of the Social Security Administration ("Commissioner"). Having reviewed Plaintiff's opening brief (Doc. 16), the Commissioner's response (Doc. 20), Plaintiff's reply (Doc. 21), and the Administrative Record ("AR."), the Court reverses the Commissioner's decision and remands for further proceedings.

## I.    Procedural History

Plaintiff completed an application for disability insurance benefits and supplemental security income on June 19, 2019, alleging disability beginning December 1, 2016. (AR. at 262.) State agency reviewers denied Plaintiff's claim at the initial and reconsideration levels of administrative review. (AR. at 174-75, 190-91.) Plaintiff timely requested an administrative hearing (AR. at 208-09) where she testified under examination by her attorney and the Administrative Law Judge ("ALJ") (AR. at 29-47). Vocational Expert

1    David Janus also testified at the hearing. (AR. at 45-46.) The ALJ issued a written decision

2    denying Plaintiff's claim on October 28, 2020. (AR. at 15-22.) The Social Security Appeals

3    Council denied Plaintiff's request to review the ALJ's decision in a letter dated May 27,

4    2021. (AR. at 1.) Plaintiff sought judicial review on July 20, 2021. (Doc. 1.)

5    **II.      Sequential Evaluation Process**

6          To determine whether a claimant is disabled for purposes of the Act, the ALJ

7    follows a five-step process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of

8    proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett*

9    *v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether

10   the claimant is engaging in substantial, gainful work activity. 20 C.F.R. §

11   404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe"

12   medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At

13   step three, the ALJ considers whether the claimant's impairment or combination of

14   impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P

15   of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If

16   not, the analysis proceeds to step four, where the ALJ assesses the claimant's residual

17   functional capacity ("RFC") and determines whether the claimant is still capable of

18   performing her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant can

19   perform her past relevant work, she is not disabled. *Id.* If she cannot, the analysis proceeds

20   to the fifth and final step, where the ALJ determines if the claimant can perform any other

21   work in the national economy based on her RFC, age, education, and work experience. 20

22   C.F.R. § 404.1520(a)(4)(v). If the claimant cannot, she is disabled. *Id.*

23   **III.     The ALJ's Decision**

24         The ALJ found that, although Plaintiff worked after the alleged disability onset date,

25   her work activity and earnings did not rise to the level of substantial gainful activity. (AR.

26   at 18.) The ALJ found that Plaintiff suffered severe impairments of irritable bowel

27   syndrome ("IBS"), osteoarthritis, and obesity. (*Id.*) Plaintiff's migraines, asthma,

28   hypertension, parathyroid, and depression were deemed non-severe impairments. (*Id.*) The

1  ALJ concluded Plaintiff did not have an impairment or combination of impairments that
2  met or medically equaled a listed impairment. (AR. at 19.) The ALJ found Plaintiff had the
3  RFC to perform light work, including lifting and/or carrying ten pounds occasionally, and
4  less than ten pounds frequently. (*Id.*) The ALJ also determined that Plaintiff could stand
5  and/or walk four hours in an eight-hour workday and sit six hours. (*Id.*)

6      In formulating this RFC, the ALJ found consultive examiner Dr. Gregory Hunter's
7  examination of Plaintiff and her limitations persuasive, and adopted nearly all of Dr.
8  Hunter's findings, aside from one comment regarding Plaintiff's need for bathroom breaks
9  due to her conditions. (AR. at 20.) The ALJ concluded that the objective medical evidence,
10 effectiveness of treatment, and Plaintiff's activities of daily living illustrated greater
11 functional abilities than Plaintiff alleged. (AR. at 19.) The ALJ also relied on nonexistent
12 testimony from Mr. Janus in concluding that Plaintiff could perform her past work as a
13 customer service representative and mortgage loan processor. (AR. at 21.) Therefore, the
14 ALJ found that Plaintiff was not disabled. (*Id.*)

15 **IV.   Discussion**

16      This Court may set aside the Commissioner's disability determination if the
17 determination is not supported by substantial evidence or is based on legal error. *Orn v.*
18 *Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Plaintiff argues (1) the ALJ erred by ignoring
19 part of Dr. Hunter's medical source statement when determining Plaintiff's RFC and (2)
20 the ALJ's determination that Plaintiff could perform past relevant work is not supported
21 by substantial evidence. (Doc. 16 at 8-11.)

22      Under updated agency regulations regarding the consideration of medical opinion
23 evidence, an ALJ must articulate how persuasive he finds all medical opinions and prior
24 administrative medical findings in the case record using two key factors: "supportability"
25 and "consistency."[1] 20 C.F.R. § 404.1520c(b). "Even under the new regulations, an ALJ

26      ――――――――――――
27      [1] The new regulations apply to claims filed on or after March 27, 2017, which is the case here. Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." 20 C.F.R. § 404.1520c(c)(1). Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." *Id.* at (c)(2).
28

cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). An ALJ errs if he ignores a medical opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).

Here, the ALJ found Dr. Hunter's opinion persuasive. (AR. at 20.) Indeed, the ALJ incorporated nearly all of Dr. Hunter's opinions about Plaintiff's limitations into Plaintiff's RFC. (AR. at 19, 684-85.) Conspicuously absent from the ALJ's decision, however, is any mention of Dr. Hunter's opinion that, due to Plaintiff's "Crohn's/ulcerative colitis,[2] accommodations would need to be made for bathroom breaks as necessary." (AR. at 686.) The ALJ's failure to mention this limitation implies that he rejected this portion of Dr. Hunter's opinion, but the ALJ provided no explanation for doing so.

Harmless error principles apply in Social Security cases. *Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Id.* at 1173. A reviewing court cannot consider an error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Id.* Here, the ALJ's error is not harmless because the vocational expert testified that an individual requiring additional bathroom breaks that amounted to being off task over 10% of the time would have difficulty maintaining employment. (AR. at 46.) Acceptance of Dr. Hunter's opinion therefore could have made a difference to the ultimate determination.

Because the Court finds reversible error on the first issue presented, it need not resolve the second issue. However, this Court is troubled by the ALJ's reliance on nonexistent vocational expert testimony. In his order, the ALJ wrote that, "[a]ccording to . . . Mr. Janus, the claimant's residual functional assessment . . . allows the claimant to perform the past work of customer service representative and mortgage loan processor." (AR. at 21.) But it is undisputed that Mr. Janus never testified about Plaintiff's ability to

---

[2] Although Crohn's and ulcerative colitis are not listed among Plaintiff's impairments at step two, it is clear from the ALJ's report, Dr. Hunter's medical opinion, and the hearing transcript that these terms are used interchangeably with IBS.

return to her past work. On remand, the ALJ should feel free to ask a vocational expert whether someone with Plaintiff's limitations would be able to resume her past work as a customer service representative/mortgage loan processor.  Accordingly,

**IT IS ORDERED** that the Commissioner's decision is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this order. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 21st day of November, 2022.

Douglas L. Rayes
United States District Judge